1  CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
   MICHELLE LAVOIE WISNIEWSKI, Cal. Bar No. 234032
2  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   650 Town Center Drive, 4th Floor
3  Costa Mesa, California  92626-1925
   Telephone:  714-513-5100
4  Facsimile:  714-513-5130
   email:    cvandenbosch@sheppardmullin.com
5  email:    mwisniewski@sheppardmullin.com

6  Attorneys for Plaintiff,
   World of Jeans & Tops
7

8

9                    UNITED STATES DISTRICT COURT
10
        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
11

12                                      **SACV09 -1167 RNB**
   WORLD OF JEANS & TOPS, INC.,         Case No.
13 d/b/a TILLY'S, a California
   corporation;                         **COMPLAINT FOR DAMAGES AND**
14                                       **INJUNCTIVE RELIEF FOR:**
                    Plaintiff,
15                                       **(1) TRADEMARK INFRINGEMENT**
        v.                                   **[15 U.S.C. § 1114(1)];**
16
   INFAMOUS BABY LLC, a California       **(2) UNFAIR COMPETITION AND**
17 limited liability company, MIRANDA        **FALSE DESIGNATION OF**
   FIREY, an individual, ADDICUS            **ORIGIN [15 U.S.C. § 1125(a),(b)];**
18 FIREY, an individual, and Does 1-10
   inclusive;                            **(3) TRADEMARK DILUTION**
19                                           **[15 U.S.C. § 1125(c)];**
                    Defendants.
20                                       **(4) CYBERSQUATTING**
                                             **[15 U.S.C. § 1125(d)];**
21
                                         **(5) UNFAIR COMPETITION AND**
22                                           **TRADEMARK INFRINGEMENT**
                                             **[California Common Law];**
23
                                         **(6) UNFAIR COMPETITION**
24                                           **[California Business &**
                                             **Professions Code §§ 17200 &**
25                                           **17500]; AND**

26                                       **REQUEST FOR JURY TRIAL.**

27

28

Plaintiff World of Jeans & Tops d/b/a/ Tilly's ("Tilly's"), for its Complaint against defendants Infamous Baby, LLC ("Infamous Baby"), Miranda Firey, Addicus Firey and Does 1-10 inclusive alleges as follows:

## THE PARTIES

1.    Plaintiff Tilly's is a California limited liability corporation having its principal place of business at 10 Whatney, Irvine, California, 92618.

2.    Upon information and belief, defendant Infamous Baby, LLC is a California limited liability company having its principal place of business at 22941 San Joaquin Drive E, Canyon Lake, California 92587 and regularly conducting business in California.

3.    Upon information and belief, defendant Miranda Firey is an individual with a place of business at 22941 San Joaquin Drive E, Canyon Lake, California 92587 and regularly conducting business in California.

4.    Upon information and belief, defendant Addicus Firey is an individual with a place of business at 22941 San Joaquin Drive E, Canyon Lake, California 92587 and regularly conducting business in California.

5.    Tilly's is unaware at this time of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by these fictitious names.  Tilly's will seek leave of Court to amend this Complaint to allege their true names and capacities when the same have been ascertained or at the time of trial.

W02-WEST:3ML1\401715365.1                                                                COMPLAINT

6.     Tilly's is informed and believes and upon that basis alleges that at all times herein mentioned, each of the defendants (Infamous Baby, Miranda Firey, Addicus Firey and Does 1-10 will collectively be referred to as "Defendants") was the agent, servant, or employee of each of the other Defendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency, service and employment and with the permission and consent of his, her or its co-Defendants.

## NATURE AND STATUTORY BASIS OF THE ACTION

7.     This action seeks remedy for trademark infringement under the federal Lanham Act, 15 U.S.C. Section 1114(1) (First Cause of Action); unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. Sections 1125(a) and (b) (Second Cause of Action); trademark dilution under the Lanham Act, 15 U.S.C. Section 1125(c) (Third Cause of Action); cybersquatting under the Lanham Act, 15 U.S.C. Section 1125(d) (Fourth Cause of Action); trademark infringement under the common law of California (Fifth Cause of Action); and unfair competition under the California Business and Profession Code, Section 17200 (Sixth Cause of Action).

## JURISDICTION AND VENUE

8.     The First, Second, Third, and Fourth Claims for Relief arise under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court has original subject matter jurisdiction over these Lanham Act claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

9.      The Fifth and Sixth Claims for Relief arise under California statutory and common law.  Jurisdiction in this Court is proper for these Claims for Relief pursuant to 28 U.S.C. § 1338(b) in that such claims are joined with substantial and related claims brought under the trademark laws of the United States.  This Court also has jurisdiction for all of the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) in that the federal and state law claims alleged herein are based on the same operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendants regularly conduct business in this district, and a substantial part of the acts or omissions giving rise to the claims asserted herein occurred or had effects in this district.

## FACTUAL BACKGROUND

**A.    The Tilly's Retail Store And Business.**

11.     In 1982, Tilly's opened its first retail store in California under the name **TILLY'S®**.  Between 1982 and the present, the Tilly's retail chain has grown from a single store into a chain of more than 100 stores operating in California, Arizona, Colorado, Nevada, Florida, New Jersey, Virginia, and Maryland.

12.     The Tilly's retail chain sells family-friendly apparel for children, teens, and young adults.

13.    To expand its business, in or about 1988 Tilly's created a clothing line under the brand **INFAMOUS®**.  Since 1988, Tilly's has continuously sold clothing, footwear, and related accessories under the **INFAMOUS** brand.

14.    The **INFAMOUS** brand of clothing, footwear, and related accessories is marketed and sold by Tilly's to children, teens, and young adults.  Included in the **INFAMOUS** product line are childrens' clothing and related accessories.

15.    Tilly's sells its **INFAMOUS** brand of clothing, footwear, and related accessories through a variety of marketing channels, including through its Tilly's retail stores and on the Internet via the company's website at *www.tillys.com*.

16.    Since its inception, the **INFAMOUS** brand has enjoyed a substantial marketplace presence, enjoying average sales of well over one million dollars annually.

**B.    The Valuable Intellectual Property And Famous Trademark Of Tilly's.**

17.    As a company that depends upon both the quality of its product and the reliability of its brand, Tilly's has spent substantial sums securing and protecting its intellectual property interests.

18.    Tilly's has obtained federal trademark registrations to protect the value of its famous **INFAMOUS** brand in connection with clothing, footwear, and related accessories.  Tilly's owns at least the following U.S. federal trademark registrations duly registered with the United States Patent and Trademark Office ("USPTO") which are pertinent to this particular case (hereafter referred to as the "**INFAMOUS** Mark"):

-5-

| Mark | Reg. No. | Goods |
|---|---|---|
| INFAMOUS® | 2,666,381 | Men's and boy's wearing apparel, namely t-shirts, sweatshirts, tank tops, woven shirts, pants, jeans, shorts, hats, caps, socks, shoes, swim wear, and trunks; and women's and girl's wearing apparel, namely t-shirts, sweatshirts, tank tops, sweatpants, hats, caps, coats, shoes, swim wear, and bikinis. |
| INFAMOUS® | 3,524,537 | Handbags, shoulder bags, beach bags, wallets. <br><br> Men's, boy's, women's and girl's belts worn with clothing and shoes; belts. |
| INFAMOUS® | 3,664,796 | Perfumes and colognes |

19.    True and correct copies of each of the registrations set forth in the above paragraph are attached hereto as Exhibits A through C. Tilly's owns each of these registrations originally.

20.    The USPTO has conferred incontestability status upon one of Tilly's federal trademark registrations, namely Reg. No. 2,666,381.

21.    Tilly's has extensively and continually advertised and promoted the **INFAMOUS** brand since its first use in 1988. Over the years, Tilly's has expended substantial amounts of time, effort, and money in ensuring that the purchasing public associates the **INFAMOUS** brand with Tilly's products. As a result of this time, effort, and money invested, Tilly's and the **INFAMOUS** Mark has achieved a reputation for excellence in the marketplace. Tilly's enjoys a substantial demand and goodwill for its products bearing or marketed under the **INFAMOUS** Mark.

1    22.    The **INFAMOUS** Mark is a strong, arbitrary mark when used in

2    connection with clothing, footwear, and related accessories.  The **INFAMOUS**

3    Mark is inherently distinctive.

4

5    23.    By virtue of the extensive scope of the consumer sales made and the

6    substantial sums spent to promote the **INFAMOUS** Mark, it has also acquired a

7    strong secondary meaning in the minds of the relevant purchasing public.

8

9    24.    The **INFAMOUS** Mark uniquely distinguishes product originating

10   from Tilly's from product offered by others.  Tilly's has built incalculable good will

11   and value in the **INFAMOUS** Mark.  The relevant purchasing public has come to

12   exclusively associate the **INFAMOUS** Mark with clothing, footwear, and related

13   accessories that originate from Tilly's.

14

15   25.    The **INFAMOUS** Mark is famous in connection with clothing,

16   footwear, and related accessories.

17

18   26.    Tilly's has not licensed, authorized, or otherwise consented to use of the

19   **INFAMOUS** Mark by Defendants.

20

21   **C.    Defendants' Unlawful Conduct.**

22

23   27.    Upon information and belief, Defendants are in the business of

24   manufacturing, promoting, and selling children's clothing and related accessories to

25   the consuming public.

26

27

28

28.    Defendants are a direct competitor of Tilly's, and sell competitive clothing and related accessories under the mark **INFAMOUS BABY** (the "Infringing Mark").

29.    Defendants' **INFAMOUS BABY** children's clothing products compete in the marketplace with the **INFAMOUS** brand of children's clothing and related accessories owned by Tilly's.

30.    Defendants **INFAMOUS BABY** children's clothing and related accessories are also closely related to the **INFAMOUS** brand of adult clothing, footwear, and related accessories owned by Tilly's.

31.    Upon information and belief, Defendants sell their **INFAMOUS BABY** clothing and related products through a variety of marketing channels that overlap with the marketing channels of Tilly's.  Among other things, Defendants sells their **INFAMOUS BABY** clothing and related products on the Internet at their website located at *www.infamousbaby.com* (the "Infringing Domain Name").

32.    Upon information and belief, Defendants are using the Infringing Mark and Infringing Domain Name with an intent to ride the coattails of the well-known Tilly's **INFAMOUS** Mark.

33.    In or around June 2009, Tilly's became aware that Defendants were offering for sale clothing and related products under the Infringing Mark.  Among other things, Defendants filed an application to federally register the Infringing Mark (Ser. No. 76/693,009) with the United States Patent and Trademark Office (the "Pending Application").

34.    On June 26, 2009, Tilly's, through its counsel sent a letter to Miranda Firey, owner of record of the Pending Application , informing her of the infringement and demanding that Defendants: (i) cease and desist selling children's clothing and related products under the Infringing Mark; and (ii) abandon the Pending Application.  A true and correct copy of this letter is attached hereto as Exhibit D.  This letter placed Defendants on notice that continued sale of the children's clothing and related products under the Infringing Mark would be deemed a willful infringement of Tilly's proprietary rights.

35.    Defendants did not respond to Tilly's June 26, 2009 correspondence, did not cease selling children's clothing and related products under the Infringing Mark, and did not abandon the Pending Application.

36.    On July 17, 2009 Tilly's, through its counsel, sent a second cease and desist letter to Miranda Firey on behalf of Defendants.  Tilly's July 17, 2009 letter requested a response to its June 26, 2009 letter and reiterated the demands set forth therein.  A true and correct copy of the July 17, 2009 letter is attached hereto as Exhibit E.

37.    On or around July 30, 2009 Tilly's, through its counsel, received a phone call from Addicus Firey on behalf of Defendants.  Addicus Firey confirmed that Defendants had not ceased use of the Infringing Mark.

38.    On or around August 24, 2009, Tilly's, through its counsel sent a letter to Addicus and Miranda Firey on behalf of Defendants reiterating Tilly's initial demand and offering Defendants a final opportunity to cease use of the Infringing Mark and Website in order to avoid litigation.  A true and correct copy of Tilly's August 24, 2009 letter is attached hereto as Exhibit "F."

39.    Tilly's received no response to its August 24, 2009 correspondence.

40.    Upon information and belief, Defendants continue to sell children's clothing and related products under the Infringing Mark.

41.    Upon information and belief, as a result of Defendants' use of a similar mark on virtually identical and/or competing products, consumers who encounter **INFAMOUS BABY** clothing and related products are likely to be confused as to their source, or as to their connection or affiliation with Tilly's and its **INFAMOUS** brand of clothing, footwear, and related accessories.

## **FIRST CLAIM FOR RELIEF**
### **Federal Trademark Infringement Against Defendants**
### **[Section 32(1) Of The Lanham Act, 15 U.S.C. § 1114(1)]**

42.    Tilly's realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

43.    Defendants have infringed the federally registered **INFAMOUS** Mark by, among other things, promoting, distributing, and selling **INFAMOUS BABY** children's clothing and related accessories in interstate commerce.  Tilly's has not granted Defendants permission or authority to use the registered **INFAMOUS** Mark.

44.    Tilly's is informed and believes, and on that basis alleges, that Defendants' promotion, distribution, and sale of the **INFAMOUS BABY** children's clothing and related products has a substantial effect on interstate commerce, and has caused confusion and mistake and is likely to continue to cause confusion and mistake, and to deceive the public into believing that the **INFAMOUS BABY**

-10-

children's clothing and related products originate with, or are associated with and/or authorized by, Tilly's.

45.    Tilly's is informed and believes, and on that basis alleges, that Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the public into believing that the **INFAMOUS BABY** children's clothing and related products originate with, or are associated with and/or authorized by, Tilly's.

46.    Defendants' unlawful use of the Infringing Mark in interstate commerce constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

47.    Tilly's is informed and believes, and on that basis alleges, that Defendants, in engaging in the conduct described herein, willfully intended to trade on the reputation of Tilly's and/or the **INFAMOUS** Mark, and to cause injury to Tilly's.

48.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the Infringing Mark, Tilly's has suffered and will continue to suffer injury to its business, goodwill, and property.

49.    Tilly's is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Tilly's is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. Tilly's at present is unable to ascertain the full extent of its damages,

1  or the gains, profits, and advantages that Defendants have obtained by reason of

2  their wrongful conduct described herein.

3

4      50.    Tilly's has no adequate remedy at law.  Unless Defendants are

5  preliminarily and permanently enjoined from committing these unlawful acts as set

6  forth above, including the unauthorized use of the Infringing Mark in commerce,

7  Tilly's will continue to suffer irreparable harm.

8

9      51.    Tilly's is entitled, pursuant to 15 U.S.C. § 1116, to an injunction

10 restraining Defendants, their officers, agents and employees, and all persons acting

11 in concert with them, from engaging in any further such acts of infringement in

12 violation of the Lanham Act.

13

14              **SECOND CLAIM FOR RELIEF**

15 **Unfair Competition and False Designation of Origin Against Defendants**

16      **[Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a), (b)]**

17

18      52.    Tilly's realleges and incorporates herein by references the allegations

19 of the preceding paragraphs as though fully set forth herein.

20

21      53.    Defendants' use of the Infringing Mark causes or is likely to cause

22 confusion, mistake and deception as to the affiliation, connection and association of

23 Defendants with Tilly's and/or to as to the origin, sponsorship and approval of the

24 products sold under the Infringing Mark.

25

26      54.    Defendants' use of the Infringing Mark causes or is likely to cause

27 confusion, mistake and deception as to the nature, characteristics, origin, and

28 qualities of the goods sold under the Infringing Mark.

55.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Tilly's and the public to suffer great and irreparable damage and injury through, *inter alia*, (a) likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of Defendants' goods; and (b) the loss of the valuable goodwill and business reputation symbolized by the Infringing Mark.

56.    Tilly's is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Tilly's is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of such wrongful conduct. Tilly's at present is unable to ascertain the full extent of its damages, or the extent of the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

57.    Tilly's has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the Infringing Mark in commerce, Tilly's will continue to suffer irreparable harm.

58.    Tilly's is entitled, pursuant to 15 U.S.C. § 1116, to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of unfair competition and false designation of origin in violation of the Lanham Act.

W02-WEST:3ML1\401715365.1                                                COMPLAINT

# THIRD CLAIM FOR RELIEF

## Federal Trademark Dilution Against Defendants

### [Section 43(c) Of The Lanham Act, 15 U.S.C. § 1125(a)]

59.    Tilly's realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

60.    The **INFAMOUS** Mark is a famous mark.

61.    Defendants' commercial use of the Infringing Mark occurred at all times after the **INFAMOUS** Mark had become famous.

62.    Defendants' use of the Infringing Mark is likely to deprive Tilly's of the benefit of the goodwill attached to the **INFAMOUS** Mark, to injure the business reputation of Tilly's and causes actual dilution of the distinctive quality of the **INFAMOUS** Mark.

63.    Defendants' use of the Infringing Mark violates the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

64.    Tilly's is informed and believes, and on that basis alleges, that Defendants, in engaging in the conduct described herein, willfully intended to trade on the reputation of Tilly's and to cause dilution of the famous **INFAMOUS** Mark.

65.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the Infringing Mark, Tilly's has suffered and will continue to suffer injury to its business, goodwill, and property in an amount not presently known.

66.    Tilly's is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.  Tilly's is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein.  Tilly's at present is unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

67.    Tilly's has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the Infringing Mark in commerce, Tilly's will continue to suffer irreparable harm.

68.    Tilly's is entitled, pursuant to 15 U.S.C. § 1116, to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of dilution in violation of the Lanham Act.

## FOURTH CLAIM FOR RELIEF
### Cybersquatting Against Defendants
### [Section 43 of the Lanham Act, 15 U.S.C. § 1125(d)]

69.    Tilly's realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

70.    Defendants' registration and use of the domain name *www.infamousbaby.com* constitutes a bad faith intent to profit from the **INFAMOUS** Mark within the meaning of § 1125(d).

-15-

71.    Tilly's has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of the Infringing Domain Name, Tilly's will continue to suffer irreparable harm.

72.    Defendants' wrongful activities are and have been willful.

73.    Tilly's is entitled to the maximum statutory damages, pursuant to 15 U.S.C. § 1117(d), in the amount of $100,000, for each act of Defendants' cybersquatting.

## FIFTH CLAIM FOR RELIEF
### Common Law Trademark Infringement and
### Unfair Competition Against Defendants
### [California Common Law]

74.    Tilly's realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

75.    Defendants' actions alleged herein constitute infringement of Tilly's common law rights in the **INFAMOUS** trademark and common law unfair competition.

76.    Tilly's has been and will continue to be irreparably harmed by Defendants' infringing acts and unless Defendants are restrained from continuing their infringing acts, the harm to Tilly's will increase.

77.    Defendants' infringement of Tilly's rights is and has been willful.

78.    Tilly's has no adequate remedy at law for Defendants' wrongful acts.

79.    Tilly's also seeks damages stemming from Defendants' willful conduct.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin

### [California Business & Professions Code §§ 17200 & 17500]

80.    Tilly's realleges and incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

81.    Upon information and belief, the unlawful conduct of Defendants described herein has had a substantial effect on commerce, and constitutes unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising in violation of Sections 17200 and 17500, *et seq.*, of the California Business and Professions Code.

82.    Upon information and belief, Defendants willfully intended to trade on the strength, reputation, and goodwill of the **INFAMOUS** Mark and to cause injury to Tilly's.

83.    As a direct and proximate result of Defendants' unlawful acts as described herein, Tilly's has suffered and will continue to suffer injury to its business, goodwill, and property.

84.    Tilly's has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts

-17-

1    described herein, Tilly's will continue to suffer irreparable harm.  Tilly's is entitled,

2    pursuant to California Business and Professions Code §§ 17203 and 17535, to an

3    injunction restraining Defendants, their officers, agents and employees, and all

4    persons acting in concert with them, from engaging in any further such acts of unfair

5    competition and false designation of origin in violation of California Business and

6    Professions Code.

## PRAYER FOR RELIEF

10          WHEREFORE, plaintiff Tilly's prays for judgment against Defendants

11   as follows:

13          (1)     That Defendants be held liable for infringement and dilution of

14   the **INFAMOUS** Mark, unfair competition, false designation of origin, and

15   cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*., California

16   common law, and California Business & Professions Code §§ 17200 & 17500;

18          (2)     That Defendants, and their officers, employees, agents, servants,

19   attorneys, and representatives, and all other persons, firms, or corporations in active

20   concert or participation with them, be preliminarily and thereafter permanently

21   enjoined and restrained, pursuant to the Court's inherent equitable powers and

22   pursuant to 15 U.S.C. § 1116 from:

24          (a)  operating the website located at www.infamousbaby.com, or

25   any colorable imitations thereof, or any domain name that is likely to confuse,

26   mislead, or deceive purchasers, Tilly's customers, or members of the public that

27   goods manufactured, distributed, advertised, sold and/or offered for sale on that

28   website originate from Tilly's, or that such goods have been sponsored, approved, or

-18-

1  licensed by or associated with Tilly's or are in some way connected or affiliated with

2  Tilly's;

3

4          (b)  promoting, distributing, or selling any products under the

5  **INFAMOUS BABY** trademark, or any other phrase, term, or logo that is likely to

6  cause confusion with Tilly's or its **INFAMOUS** Mark;

7

8          (c)  using in commerce, or facilitating the use in commerce of the

9  **INFAMOUS BABY** trademark or any other phrase, term, mark, trade name, logo or

10  design that falsely represents that, or is likely to confuse, mislead, or deceive

11  purchasers, Tilly's customers, or members of the public that goods manufactured,

12  distributed, advertised, sold and/or offered for sale by Defendants originate from

13  Tilly's, or that such goods have been sponsored, approved, or licensed by or

14  associated with Tilly's or are in some way connected or affiliated with Tilly's;

15

16          (d)  doing or allowing any act or thing which is likely to dilute

17  the distinctive quality of the **INFAMOUS** Mark, or to otherwise injure Tilly's

18  business reputation or goodwill;

19

20          (e)  engaging in any acts of federal, state, or common law

21  trademark infringement, trademark dilution, false designation of origin, or unfair

22  competition that would damage or injure Tilly's; and

23

24          (f)  participating or assisting in any of the above activities.

25

26          (3)    That Defendants and their officers, employees, agents, servants,

27  attorneys, and representatives, and all other persons, firms, or corporations in active

28

1  concert or participation with them be required to expressly abandon the Pending

2  Application;

3

4          (4)    That Defendants, pursuant to 15 U.S.C. § 1116(a), be required to

5  file with the Court and to serve on Tilly's within thirty (30) days after service of an

6  injunction order as requested herein, a report in writing under oath setting forth in

7  detail the manner and form in which they have complied with the Court's order;

8

9          (5)    That an accounting be ordered of all of the profits realized by

10  Defendants, or others acting in concert or participation with them, from Defendants'

11  unauthorized use, infringement, and dilution of the **INFAMOUS** Mark;

12

13          (6)    That Defendants be required to account for and pay to Tilly's all

14  gains, profits, and advantages derived from their acts of infringement and other

15  unlawful conduct, as alleged herein;

16

17          (7)    That judgment be entered against Defendants for Tilly's actual

18  damages as a result of Defendants' acts of infringement and other unlawful conduct

19  alleged herein, and for any additional profits attributable to Defendants' wrongful

20  conduct, according to proof;

21

22          (8)    That Defendants' unlawful conduct as alleged herein be deemed

23  a willful violation of Tilly's intellectual property rights;

24

25          (9)    That the Court declare this an exceptional case;

26

27          (10)    That Tilly's actual damages be trebled pursuant to 15 U.S.C.

28  § 1117(a);

-20-

1        (11)    That Tilly's be awarded maximum statutory damages for

2    violations of the Anti-Cybersquatting provisions of the Lanham Act in an amount

3    not less than $100,000 for each act of cybersquatting pursuant to 15 U.S.C.

4    § 1117(d);

5

6        (12)    That Defendants transfer the Infringing Domain Name to Tilly's;

7

8        (13)    That Tilly's recover its reasonable attorneys' fees pursuant to 15

9    U.S.C. § 1117(a) and 17 U.S.C. § 505;

10

11        (14)    That Tilly's be awarded punitive and exemplary damages

12    pursuant to California common law;

13

14        (15)    That Tilly's recover the costs of this suit;

15

16        (16)    That Tilly's be granted pre-judgment and post-judgment interest

17    on the damages caused by Defendants; and

18

19        (17)    That Tilly's be granted such other and further relief as the Court

20    deems just and proper.

21

22

23

24

25

26

27

28

W02-WEST:3ML1\401715365.1                                                    COMPLAINT

1

2  DATED:  October 9, 2009

3                      SHEPPARD MULLIN RICHTER & HAMPTON LLP

4

5

6

7  By _____
                    MICHELLE LAVOIE WISNIEWSKI

8

9                      Attorneys for Plaintiff
                      WORLD OF JEANS & TOPS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff World of Jeans & Tops hereby demands a jury trial on all issues triable as of right to a jury.

DATED:  October 9, 2009

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By _____

MICHELLE LAVOIE WISNIEWSKI

Attorneys for Plaintiff
WORLD OF JEANS & TOPS

COMPLAINT

CARLO F. VAN DEN BOSCH, Cal. Bar No. 118842
MICHELLE L. WISNIEWSKI, Cal. Bar No. 234032
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626
(714) 513-5100
Fax: (714) 513-5130
email: cvandenbosch@sheppardmullin.com
email: mwisniewski@sheppardmullin.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD OF JEANS & TOPS, INC., d/b/a TILLY'S, a California corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>INFAMOUS BABY LLC, a California limited liability company, MIRANDA FIREY, an individual, ADDICUS FIREY, an individual, and Does 1-10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV09 -1167 RNB**<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S):

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michelle LaVoie Wisniewski at Sheppard Mullin, et al., LLP</u>, whose address is <u>650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1925</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT - 9 2009

By: DONNIE GARGANTIS

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]*

American LegalNet, Inc
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> WORLD OF JEANS & TOPS, INC., d/b/a TILLY'S, a California corporation | **DEFENDANTS** <br> INFAMOUS BABY LLC, a California limited liability company, MIRANDA FIREY, an individual, ADDICUS FIREY, an individual, and Does 1-10 inclusive |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Orange | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Orange |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> CARLO F. VAN DEN BOSCH Cal. Bar. No. 185207 <br> SHEPPARD MULLIN RICHTER & HAMPTON <br> 650 Town Center Drive, 4th Floor <br> Costa Mesa, CA 92626 <br> Telephone: 714-513-5100, Facsimile: 714-513-5130 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement and related claims with respect to INFAMOUS federal trademark registration.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: **SACV09 -1167 RNB**

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Orange County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☒ Check here if the U.S. government, its agencies or employees is a named defendant.

Riverside County

List **the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Orange County, Riverside County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Muhul Salto Wisniewski*    Date October 9, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET                          | American LegalNet, Inc. |
                                                                                    | www.USCourtForms.com |